CAMPBELL, Acting Chief Judge.
Appellant, a pro se inmate at the Polk Correctional Institute, challenges the trial court order that dismissed with prejudice his second amended complaint against appellee, a corrections officer, for failure to state a cause of action. Since our review of the record leads us to agree with the trial court, we affirm.
Appellant filed a total of three complaints against appellee, alleging that she deliberately and maliciously refused to give him antacids for dyspepsia. He had hypera-cidity of the stomach, requiring antacid tablets to ease the discomfort. Appellant claimed that appellee’s failure to give him the antacid tablets when he requested them constituted a violation of his Eighth Amendment right to be free of cruel or unusual punishment. He also made a Fourteenth Amendment due process claim.
In order to state a valid Eighth Amendment claim, the plaintiff must allege acts or omissions that demonstrate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), reh’g denied, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). Appellant has not alleged facts that support his efforts to state such a cause of action. Moreover, the record provided demonstrates affirmatively that were he afforded an opportunity to amend, he could not allege facts sufficient to establish his cause of action. His allegations are conclusory. The facts relied upon by appellant conclusively establish that his complained-of problem was indigestion, not a serious medical problem.
In any event, appellee was entitled to qualified immunity because, based on the allegations in the second amended complaint and the factual support offered for them, her conduct cannot be considered wanton and willful, but may more properly be characterized as negligent. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
Affirmed.
BLUE and FULMER, JJ., concur.